UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| JAZLENE BAEZ, individually and on behalf of all others similarly situated,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>LIBRA, LLC,<br><br>　　　　Defendant. | Case No. 2:24-cv-02096-JAD-EJY<br><br>**ORDER** |

Pending before the Court is Plaintiff's Motion for Alternative Service. ECF No. 8. Plaintiff seeks permission to effect alternative service on Libra, LLC ("Defendant") by mailing the summons and complaint, along with an order from this Court authorizing alternative service, via certified mail, return receipt requested, to: (a) Carl E. Giudici, 3815 Callahan Ave., Las Vegas, Nevada 89121; and (b) Honeys Gentlemen's Club, c/o Carl E. Giudici, 3750 S. Valley View Blvd., Las Vegas, Nevada 89103.

Nevada Rule of Civil Procedure 4.4 allows for alternative service methods upon a motion of a party (i) demonstrating due diligence to locate the defendant, (ii) proposing alternative service methodology, and (iii) explaining why the proposed alternative service meets the requirements of due process. When considering a request to serve a defendant by alternative means the Nevada Supreme Court asks the underlying courts to take into consideration attempts made by a plaintiff to serve a defendant at his known residence, and other methods of locating a defendant, such as consulting public directories. *Price v. Dunn*, 787 P.2d 785, 786-87 (Nev. 1990), *rev. on other grounds*, *NC-DSH, Inc. v. Garner*, 218 P.3d 853 (Nev. 2009) (and noting that *Price* otherwise remains good law); *Abreu v. Gilmer*, 985 P.2d 746, 747 (Nev. 1999); *McNair v. Rivera*, 874 P.2d 1240, 1241 (Nev. 1994). However, plaintiffs are not required to attempt every permissible means of service of process before requesting an alternative method of service. *Neumont Univ., LLC v. Nickles*, 304 F.R.D. 594, 600 (D. Nev. 2015).

The alternative methods of service must comport with due process. *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1016. Due process requires that a defendant in a civil action be given notice of the action that is reasonably calculated to apprise the defendant of the pendency of the action and afford the defendant an opportunity to present his or her objection. *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950). Here, Plaintiff demonstrates due diligence in attempting to serve Defendants, explaining why alternative service is appropriate. However, the Court finds service by regular U.S. Mail insufficient, in and of itself, to meet due process requirements. Thus, in addition to regular U.S. Mail, the Court is ordering Plaintiff to serve by publication in accordance with Nevada Rule of Civil Procedure 4.4(b)(2, 4.4(c)(2). Therefore, Plaintiff must file a proposed Order with the Court in which it states how it intends to serve by publication. The proposed Order must include the language of the summons to be used in the publication, briefly summarizing the claims asserted and the relief sought, and identify one or more newspapers or other periodicals in which the summons will be published. Nev. R. Civ. P. 4.4(c)(4)(A). The publication must be reasonably calculated to give Defendant actual notice of these proceedings. *Id.* This service must be published at least once a week for a period of four weeks. *Id.* Service on Defendant will be deemed effective on the last day service by publication occurs. Defendant's responsive pleading is due 21 calendar days thereafter.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Motion for Alternative Service (ECF No. 8) is GRANTED.

IT IS FURTHER ORDERED that Plaintiff **must**, no later than **May 22, 2025**, submit a proposed Order consistent with the content of this Order to the Court by (1) filing the same on the Court's docket, and (2) emailing the proposed Order in WORD format to Emily Santiago, Judicial Executive Assistant to the undersigned, at Emily_Santiago@nvd.uscourts.gov. The proposed Order may include service by mail, but must include service by publication.

IT IS FURTHER ORDERED that service on Defendant will be deemed effective on the last day service by publication occurs.

IT IS FURTHER ORDERED that Defendant's responsive pleading is due 21 calendar days thereafter.

Dated this 8th day of May, 2025.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE