Alex J. De Castroverde
Nevada Bar No. 6950
Ryan Samano
Nevada Bar No. 15995
**DE CASTROVERDE LAW GROUP**
1149 S. Maryland Pkwy
Las Vegas, NV 89104
Tel: 702.222.9999
Fax: 702.383.8741
ryan@dlgteam.com

Sean Short
(*admitted pro hac vice*)
**SANFORD LAW FIRM, PLLC**
Kirkpatrick Plaza
10800 Financial Centre Parkway, Suite 510
Little Rock, Arkansas 72211
(800) 615-4946 Tel.
(888) 787-2040 Fax
*sean@sanfordlawfirm.com*
*Attorney for Plaintiffs*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| JAZLENE BAEZ, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>vs.<br><br>LIBRA, LLC.<br><br>Defendant. | CASE NO: 2:24-cv-2096-JAD-EJY<br><br>**STIPULATED DISCOVERY PLAN AND SCHEDULING ORDER PURSUANT TO FED. R. CIV. P. 26(f)**<br><br>**SUBMITTED IN COMPLIANCE WITH LR 26-1(b)** |

Plaintiff Jazlene Baez, individually and on behalf of all others similarly situated, ("Plaintiffs"), and Libra, LLC ("Defendant"), by and through undersigned counsel, hereby submit and stipulate to the following Discovery Plan and Scheduling Order pursuant to the Fed. R. Civ. P. 26 and Local Rule ("LR") 26-1(b), *et seq*.

1

**I.**

**INFORMATION REQUIRED BY FEDERAL RULE 26(F)**

**A. Initial Disclosure and Conference of the Parties** – On **July 31, 2025**, counsel for the parties met and conferred pursuant to Fed. R. Civ. P. 26(f) and LR 26-1(a). Pursuant to Fed. R. Civ. P. 26(a)(1), the parties will exchange initial disclosures on or about **August 29, 2025**, by sending them either via electronic format such as email or mail a copy of the documents to opposing counsel. The disclosures shall be sequentially numbered, with each side using their unique "bates-stamp" numbering identification system. As it relates to discovery, whether issued or responded to, the parties shall upon request exchange Microsoft Word copies, rich text format, or text format, of their requests, to facilitate the just, speedy and inexpensive determination of this proceeding, as envisioned by Fed. R. Civ. P. 1.

**B. Scope of Discovery** – The parties agree that, consistent with Fed. R. Civ. P. 26 and the Local Rules, discovery may be conducted regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the factors set forth in Fed. R. Civ. P. 26(b)(1). The parties do not presently believe that any changes should be made to the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules. Discovery need not be conducted in phases or limited to or focused on particular issues at this point.

**C. Changes in the Timing, Form, or Requirements for Disclosures** – The parties have conferred and agree that the timing of disclosures should be scheduled in accordance with Fed. R. Civ. P. 26 as set forth below.

**D. Electronically Stored Information** – The parties do not believe there will be any issues concerning disclosure or discovery of electronically stored information or the form in which it should be produced. If a dispute arises, the parties will meet and confer to attempt to reach informal resolution before raising such issues with the Court.

**E. Privilege & Protective Orders** – The parties do not believe there will be any issues concerning claims of privilege or protection of trial preparation materials. The parties agree to be bound by Federal Rule of Evidence 502 regarding the disclosure of privileged material or work product. Further, the parties acknowledge and agree that while each is taking reasonable steps to identify and prevent disclosure of any document which they believe is privileged, given the volume and nature of material being exchanged, there is a possibility that certain privileged material may be produced inadvertently. Accordingly, the parties agree that a party who produces a document protected from disclosure by the attorney-client privilege, attorney work product doctrine or any other recognized privilege ("privileged document") without intending to waive the claim of privilege associated with such document may promptly, meaning within fifteen (15) days after the producing party actually discovers that such inadvertent disclosure occurred, amend its discovery response and notify the other party that such document was inadvertently produced and should have been withheld. Once the producing party provides such notice to the requesting party, the requesting party must promptly, meaning within seventy-two (72) hours, return and no longer retain the specified document(s) and any copies thereof. By complying with this obligation, the requesting party does not waive any right to challenge the assertion of privilege and request an order of the Court denying such privilege.

The parties further agree to file a proposed Protective Order governing the production of any confidential or otherwise sensitive information that may be exchanged in discovery.

**F. Pre-trial Conference** – The Parties request that the Court enter an order that a representative of a party who is represented by counsel need not appear at any pretrial conference scheduled by this Court.

**G. Request Orders** – No orders are requested to be entered pursuant to Fed. R. Civ. P. 26(c), 16(b), or 16(c) at this time, other than those including in this Stipulation or the Local Rules.

**H. Certifications Pursuant to LR 26-1(b)(7), (b)(8), (b)(9)** – The Parties certify that they met and conferred about the possibility of using alternative dispute resolution processes, as required by LR 26-1(b)(7). Pursuant to LR 26-1(b)(8), the parties further certify that they each

considered consent to trial by a magistrate judge under 28 U.S.C. 636(c) and Fed. R. Civ. P. 73 and the use of the Short Trial Program (General Order 2013-01). Pursuant to LR 26-1(b)(9), neither party has demanded a jury trial.

## II.

### INFORMATION REQUIRED BY LOCAL RULE 26-1(B)

**A. DISCOVERY CUT-OFF DATE** - LR 26-1(b)(1)

On **November 8, 2024**, Plaintiffs filed this action in federal court. On **July 1, 2025,** Defendant first appeared in this action by filing an Answer. The Parties believe discovery will take approximately one hundred eighty (180) days. Pursuant to LR 26-1(b)(1), the discovery cut-off, unless extended by further order of this Court, shall therefore be **December 29, 2025**, because the deadline of December 28, 2025 is a Sunday. This does not exceed the presumptive limits of LR 26-1(b)(1).

**B.   AMENDING PLEADINGS, ADDING PARTIES** - LR 26-1(b)(2)

The last day to file motions to amend the pleadings or add parties shall be **September 29, 2025**, or 90 days before the discovery cut-off date.

**C.   FRCP 26(A)(2) EXPERT WITNESS DISCLOSURES** - LR 26-1(b)(3)

Disclosures of expert witnesses shall be made at least sixty (60) days prior to the close of discovery (*i.e.,* on or before **October 29, 2025**) and disclosures of rebuttal experts shall be made by not later than thirty (30) days thereafter (*i.e.*, on or before **November 28, 2025**). This does not exceed the presumptive limits of LR 26-1(b)(1).

**D. DISPOSITIVE MOTIONS** - LR 26-1(b)(4)

Dispositive motions shall be filed by not later than thirty (30) days after the discovery cut-off date; *i.e.*, on or before **January 27, 2026**.

**E.   PRETRIAL ORDER -** LR 26-1(b)(5)

The Joint Pretrial Order shall be filed by not later than thirty (30) days following the deadline for dispositive motions set forth above; *i.e.,* by not later than **February 26, 2026**, unless a dispositive motion is filed (in which case, the Joint Pretrial Order shall be due by on or before the thirtieth (30th) day following decision of the dispositive motion or further order of the Court).

**F. FRCP 26(A)(3) PRETRIAL DISCLOSURES** - LR 26-1(b)(6)

The pretrial disclosures required by Rule 26(a)(3) of the Federal Rules of Civil Procedure (hereinafter, "FRCP") shall be included in the Joint Pretrial Order. To facilitate the same and allow for objections to be included in the order, the parties agree to exchange drafts of these disclosures ten (10) days before the Joint Pretrial Order is due – currently by **February 16, 2026**. (It is understood that, pursuant to FRCP 6(1)(C), if any of the above deadlines is a Saturday, Sunday, or legal holiday, the deadline continues to the next day that is not a Saturday, Sunday, or legal holiday.)

## III.

## ADDITIONAL DEADLINES

The Parties further stipulate that any request for extensions of the deadlines set forth in this Stipulated Discovery Plan and Scheduling Order will be submitted at least twenty-one (21) days prior to the deadline at issue, unless for good cause shown.

| | |
|---|---|
| Dated: August 14, 2025 | Dated: August 14, 2025 |
| **DE CASTROVERDE LAW GROUP** | **GREENBERG TRAURIG, LLP** |
| */s/ Ryan Samano*<br>By: _____<br>Ryan Samano<br>Nevada Bar No. 15995<br>1149 S. Maryland Pkwy<br>Las Vegas, NV 89104<br>Tel: 702.222.9999<br>Fax: 702.383.8741 | */s/ Alayne M. Opie (w/permission)*<br>By: _____<br>Mark Ferrario<br>Nevada Bar No. 1625<br>Alayne M. Opie<br>Nevada Bar No. 12623<br>10845 Griffith Peak Drive, Suite 600<br>Las Vegas, NV 89135 |

5

1  Email: ryan@dlgteam.com
   *Attorney for Plaintiffs*
2
                                                    Telephone: (702) 792-3773
                                                    Email: ferrariom@gtlaw.com
                                                           opiea@gtlaw.com
                                                    *Attorney for Defendants*

3  Dated: August 14, 2025

4  **SANFORD LAW FIRM, PLLC**

5
       */s/ Sean Short*
6  By: _____
   Sean Short (*admitted pro hac vice*)
7  10800 Financial Centre Parkway, Suite 510
   Little Rock, Arkansas 72211
8  Tel.: (800) 615-4946
9  Email: sean@sanfordlawfirm.com
   *Attorney for Plaintiffs*

**IT IS SO ORDERED**

_____
UNITED STATES MAGISTRATE JUDGE

Dated: August 15, 2025

6