Diana S. Cline, Esq.
Nevada Bar No. 10580
CLINE LEGAL SOLUTIONS, LLC
7625 Dean Martin Drive, Ste 115
Las Vegas, Nevada, 89139
Phone: 702-790-0525
diana@clinelegalnv.com
*Attorney for Defendant Libra LLC*

UNITED STATES DISTRICT COURT

OF NEVADA

| | |
|---|---|
| Jazlene Baez,<br>        Plaintiff,<br><br>   vs.<br><br>Libra LLC,<br>        Defendant. | Case No. 2:24-cv-02096-JAD-EJY<br><br><br>MOTION TO EXTEND DEADLINE TO<br>FILE PRETRIAL ORDER<br>(Second Request) |

Defendant Libra, LLC ("Libra"), by and through its newly substituted counsel, Diana S. Cline, Esq. of the law firm Cline Legal Solutions, LLC hereby requests to extend the pre-trial order deadline for a period of thirty (30) days from the current deadline of April 27, 2026. Defendant recently retained new counsel. Further, ongoing settlement discussions may lead to the resolution of this case. The parties intend to continue to negotiate in good faith during the extended time period before filing the pretrial order with a goal of reaching settlement of the case. This is the second request to extend the deadline.  This request is made in good faith and not meant to prejudice or to cause delay to any party.

District courts have inherent power to control their dockets, including any requests by the parties to continue an existing trial setting (*Hamilton Copper & Steel Corp., v. Primary Steel, Inc.*, 898 F.2d 1428, 1429 (9th Cir. 1990); *Oliva v. Sullivan*, 958 F.2d 272, 273 9th Cir. 1992)). A motion for continuance of trial should be granted for good cause (Fed.R.Civ.P. 16(b)(4). The trial court has discretion as to what constitutes good cause (*See U.S. v. Makley*, 468 F.2d 916, 917 (9th Cir. 1972)). The good-cause standard is met where a deadline cannot be met despite the

moving party's diligence (*Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992)). In determining whether to grant a continuance of a trial date, the Court considers four factors: (1) the movant's diligence in preparing for the date set for trial; (2) the likelihood that a continuance will address the need giving rise to the motion for a continuance; (3) the extent to which a continuance will inconvenience the court and the opposing party, including its witnesses; and (4) whether the movant will suffer prejudice if the continuance is denied (*United States v. Flynt*, 756 F.2d 1352, 1358 (9th Cir.), amended, 764 F.2d 675 (9th Cir. 1985)). The weight attributed to any single factor may vary with the extent of the showings on the other factors.

Here, the parties have been preparing for the date set for trial and the parties have been actively involved in settlement discussions. A continuance will allow the parties to possibly settle the matter. A continuance will further allow the parties, including newly substituted counsel, to stipulate to certain factual matters and limit issues for trial. A continuance will not inconvenience the court or the opposing party. If a continuance is denied, Defendant will suffer prejudice that could be cured with a short continuance to allow newly substituted counsel to get up to speed.

Based on the foregoing, Defendant requests the deadline for filing the pretrial order be extended up to and including **Wednesday May 27, 2026**

**Dated: April 27, 2026**

CLINE LEGAL SOLUTIONS, LLC
/s/ *Diana S. Cline*
Diana S. Cline
Nevada Bar No. 10580
7625 Dean Martin Drive, Ste 115
Las Vegas, Nevada, 89139
702-790-0525
diana@clinelegalnv.com
*Attorneys for Defendant Libra LLC*

IT IS SO ORDERED.

_____
U.S. MAGISTRATE JUDGE

Date:  April 28, 2026

CLINE LEGAL SOLUTIONS, LLC
7625 DEAN MARTIN DRIVE, STE 115, LAS VEGAS, NV
Phone 702-790-0525 - www.clinelegalnv.com